UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISS ROSE ANN FERNANDEZ, M.A.,<br><br>    Petitioner,<br><br>v.<br><br>C.D.C.R., et al.,<br><br>    Respondents. | No. EDCV 13-189 SJO (FFM)<br><br>ORDER RE SUMMARY DISMISSAL OF ACTION |

On January 31, 2013, petitioner filed what is captioned a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition").

As best the Court can glean from the face of the Petition, petitioner's claims are not directed to the legality or duration of petitioner's current confinement. Rather, petitioner's claims relate to physical injuries she has allegedly sustained throughout her life.

Petitioner is currently serving time for conviction of one felony count of robbery and two misdemeanor counts of assault with a deadly weapon other than a firearm and by means of force likely to cause great bodily injury. Her petition for writ of habeas corpus challenging that conviction is currently pending in this Court (*see* CV 12-1061 SJO (FFM)). In the instant Petition, petitioner has named over 700 entities and individuals, including the victim of the assault and robbery of which she was convicted, as respondents.

1  The Writ of Habeas Corpus is limited to attacks upon the legality or
2  duration of confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979)
3  (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484-86 (1973)). A civil rights action,
4  in contrast, is the proper method of challenging civil injuries. *See Badea v. Cox*,
5  931 F.2d 573, 574 (9th Cir. 1991); *see also Young v. Kenny*, 907 F.2d 874, 875
6  n.1 (1990). Petitioner's claims as presently alleged do not implicate the legality or
7  duration of confinement, but rather concern alleged civil injuries.

8  The Court does have discretion to construe petitioner's habeas petition as a
9  civil rights complaint. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971);
10 *Hansen v. May*, 502 F.2d 728, 729-30 (9th Cir. 1974). In this instance, however,
11 the Court chooses not to exercise such discretion, because it is clear that the
12 pleading fails to comply with Federal Rule of Civil Procedure 8 and Federal Rule
13 of Civil Procedure 18. Rule 8(a)(2) requires a "a short and plain statement of the
14 claim" and Rule 18(a) allows joinder of claims against an opposing party.
15 Contrary to Rules 8 and 18, petitioner has submitted a massive pleading
16 (measuring over 7.5 inches thick) containing a hodgepodge of disparate
17 allegations against disparate entities and individuals. The claims run the gamut
18 from an alleged theft of plaintiff's inheritance, to child abuse, to sexual assault etc.
19 Many of the allegations appear to be objectively impossible (*e.g.*, that all 700
20 defendants, including plaintiff's victim, are responsible for failing to provide
21 plaintiff's medical care).
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1 | Pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Court, it is therefore ordered that this action be dismissed without prejudice.

DATED: February 7, 2013.

*S. James Otero*

_____
S. JAMES OTERO
United States District Judge

Presented by:


 /S/ FREDERICK F. MUMM
  FREDERICK F. MUMM
United States Magistrate Judge